J-S74041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DARRYL MINNIS | |
| Appellant | No. 3062 EDA 2015 |

Appeal from the PCRA Order September 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005914-2007

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:  **FILED OCTOBER 28, 2016**

Darryl Minnis appeals from the order entered September 22, 2015, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 4, 2006, Appellant and two accomplices robbed Timothy Williams at gunpoint.  *See* PCRA Court Opinion (PCO), 2/5/16, at 2-3. Appellant was arrested and charged with robbery and related offenses.[1]

A jury trial commenced June 11, 2008, and concluded June 12, 2008. Following deliberations, the jury found Appellant guilty of robbery, conspiracy, firearms not to be carried without a license, and possessing an

_____

[1] *See* 18 Pa.C.S. §§ 3701(a)(1)(ii); 903(a)(1); 6105(a)(1); 6106(a)(1); 3921; 3925; 6108; 907; 2701; 2705, respectively.

_____

[*] Former Justice specially assigned to the Superior Court.

instrument of crime.[2]  On August 5, 2008, the court sentenced Appellant to six to twelve years' incarceration followed by three years of probation.

On July 29, 2011, Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.[3]  The trial court issued a responsive opinion.

On October 26, 2012, this Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal.  **See Commonwealth v. Minnis**, 62 A.3d 465 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 67 A.3d 795 (Pa. 2013).

On June 20, 2013, Appellant timely filed a *pro se* PCRA petition.[4]  On March 2, 2015, Appellant filed a counseled amended petition, asserting ineffective assistance of trial counsel on several grounds.  On June 29, 2015, the Commonwealth filed a motion to dismiss Appellant's petition.  After issuing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's petition without a hearing on September 22, 2015.  Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

---

[2] The remaining charges were *nolle prossed*.

[3] Appellant's timely first appeal was dismissed *per curiam* on March 23, 2009, for failure to file a brief.  Appellant filed a counseled PCRA petition, and on July 8, 2011, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*.

[4] **See Commonwealth v. Turner**, 73 A.3d 1283, 1285 (Pa. Super. 2013) (noting that when a petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first petition for timeliness purposes.)

Appellant raises the following issues:

1. Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.[5]

2. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 9.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 9/22/15 (citing in support Pa.R.Crim.P.

---

[5] Appellant's claims, as enumerated in his amended petition and in his brief before this Court, were as follows. Trial counsel was ineffective for: failing to object to the Commonwealth's closing argument; failing to object to the sentence enhancement; failing to litigate a motion to suppress; and failing to file a post-sentence motion that the verdict was against the weight of the evidence. *See* Appellant's Brief, at 16-24. In Appellant's *pro se* petition, he also raised the issue of counsel's ineffectiveness for failure to give notice of an alibi defense or request an alibi instruction, but PCRA counsel averred that this issue was meritless. The PCRA court did not address this issue in its opinion, and Appellant did not raise it in his 1925(b) statement. *See* Amended PCRA Petition, at 17.

907). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

We first note that Appellant has waived two of the issues which were raised in the amended PCRA petition: trial counsel's ineffectiveness for 1) failing to object to the Commonwealth's closing argument and 2) for failing

to litigate a motion to suppress the victim's identification. The PCRA court was unable to adequately review Appellant's claims.

"If a Rule 1925(b) Statement is too vague, the trial judge may find waiver and disregard any argument." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (citation omitted). Where the trial court must guess the issues an Appellant is appealing, that is not enough for a meaningful review; a concise statement too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. *Id*.

Regarding the first waived issue, Appellant identified in his PCRA petition the specific testimony in the closing argument that he found objectionable. However, in his 1925(b) statement, Appellant stated only that trial counsel was ineffective for failing to object to the Commonwealth's closing argument. In its responsive opinion, the PCRA court noted that Appellant had not identified a specific instance of alleged prosecutorial misconduct and that it had reviewed the record and found no objectionable remarks. PCO at 5. Now, in his brief, Appellant again identifies the argument he found objectionable, namely the prosecutor asking jurors to place themselves in the victim's shoes. *See* Appellant's Brief at 17-18.

Regarding the second waived issue, Appellant identified in his PCRA petition the specific evidence he wished suppressed. However, in his 1925(b) statement, Appellant stated only that trial counsel was ineffective for failing to litigate a motion to suppress. In its responsive opinion, the

PCRA court noted that Appellant had not identified the evidence he wished to have suppressed and its review of the record did not indicate any evidence that should have been suppressed. PCO at 6. Now, in his brief, Appellant again identifies the evidence he wished suppressed, namely, the witness's pretrial identification. **See** Appellant's Brief at 20-21.

It is apparent that the statement was too vague to allow the trial court to address the merits of Appellant's arguments, and Appellant has waived them for purposes of appeal. However, even if we were to address Appellant's claims on their merits, we would not afford relief.

In his first issue, Appellant identifies the prosecutor's allegedly inflammatory statements, namely, asking jurors to put themselves in the victim's situation.[6] Appellant's Brief at 17; **see also** Notes of Testimony (N. T.), 6/12/08, at 38. Appellant claims that these remarks created hostility towards him in the mind of the jurors such that they would not be able to evaluate the evidence objectively. Appellant's Brief at 18-19.

_____

[6] In her closing, the prosecutor stated, "I would submit to you that all of you put yourself in his situation and pretend maybe that if you were like me and walk that dog around the corner and think of yourself and say, would you recognize your neighbor if all of sudden somebody around the corner did something to you?

"Maybe you wouldn't know that neighbor's height. Maybe you wouldn't know that neighbor's weight, but if he jammed you up and assaulted you and you went down to the police station, you'd say, look, I don't know my neighbor's name, I don't know who she is, but I know she lives around the corner from me . . . she assaulted me in some fashion. That's real life. That's the real world." **See** N. T., 6/12/08, at 38.

We note that while it is improper for a prosecutor to invoke sympathy with a jury by asking the jurors to stand in the shoes of the victims, where the remarks were of limited duration and were not part of a focused attempt to appeal to the passions of the jury, they will not entitle the defendant to relief. *See Commonwealth v. Clark*, 421 A.2d 374, 378-79 (Pa. Super. 1980), *aff'd mem.*, 461 A.2d 794 (Pa. 1983). Further, a prosecutor may respond to points made in a defendant's closing argument. *See Commonwealth v . Chmiel*, 889 A.2d 501, 543-44 (Pa. 2005).

In the instant case, a review of the record shows that the prosecutor's remarks were limited to an attempt to explain to jurors why the victim, who was Appellant's neighbor, might have had issues recognizing and identifying Appellant. Further, trial counsel attacked the victim's testimony in his own closing, arguing it was unbelievable that Mr. Williams would not be able to identify a neighbor. Consequently, trial counsel was not ineffective for failing to object to this remark, as it was not improper. *See, e.g., Commonwealth v. Spotz*, 896 A.2d 1191, 1247 (Pa. 2006) (noting that counsel is not ineffective for failing to raise a meritless objection).

In his second issue, Appellant claims that trial counsel was ineffective for failing to litigate a motion to suppress the victim's pre-trial identification of Appellant, because "the evidence was unreliable" and the identification was "highly suspect." Appellant's Brief, at 20-21. Appellant argues that the identification was so unnecessarily suggestive and conducive to misidentification that it deprived him of his due process of law.

A court must assess the reliability of an out-of-court identification by the totality of the circumstances; pre-trial identification violates due process only when the facts and circumstances demonstrate that the identification process was so impermissibly suggestive that it gave rise to a very substantial likelihood of irreparable misidentification. *See Commonwealth v. Johnson*, 139 A.3d 1257, 1278 (Pa. 2016).

In the instant matter, Appellant has not identified any process or procedure that was unduly suggestive, but argues only that Appellant was identified through a picture, and that the description the victim gave did not fit Appellant's description. Appellant's Brief, at 20-21. Consequently, Appellant has not proven arguable merit with regard to the identifications of the witnesses he claims were tainted. *See Johnson*, 139 A.3d at 1279.

Next, Appellant claims trial counsel was ineffective for failing to object to the deadly weapon sentence enhancement requested by the Commonwealth, as the issue was not submitted to a jury and, thus, was an illegal sentence in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). This claim is meritless for several reasons.

*Alleyne* was decided on June 17, 2013. Appellant was sentenced on August 5, 2008: four years, eleven months, and thirteen days prior to this decision. Trial counsel cannot be ineffective for failing to anticipate a change in the law. *See Commonwealth v. Rollins*, 738 A.2d 435, 451 (Pa. 1999); *see also Spotz*, 896 A.2d at 1247. Further, *Alleyne* is neither a substantive nor a "watershed" procedural rule and, therefore, does not apply

retroactively to cases pending on collateral review. ***Commonwealth v. Washington***, --- A.3d ---, at *8 (Pa. 2016), ***see also Commonwealth v. Riggle***, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same). Lastly, deadly weapon enhancements do not implicate ***Alleyne***. ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (noting that the court retains discretion to sentence outside the guideline range, so ***Alleyne*** is not implicated).

In his remaining issue, Appellant claims trial counsel was ineffective for failing to file a post-verdict motion to preserve his weight of the evidence claim, as the Commonwealth's evidence was allegedly contradictory, inconsistent, and unreliable throughout trial.[7]

A verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. ***See Commonwealth v. Morgan***, 913 A.2d 906, 909 (Pa. Super. 2006) (quoting ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003)). In such cases,

> "[w]hen the challenge to the weight of the evidence is predicated
> on the credibility of trial testimony, our review of the trial court's
> decision is extremely limited. Generally, unless the evidence is
> so unreliable and/or contradictory as to make any verdict based

---

[7] Appellant did argue on direct appeal that the evidence was insufficient to sustain his convictions. Another panel of this Court affirmed his judgment of sentence. ***See Commonwealth v. Minnis***, 62 A.3d 465 (Pa. Super. 2012).

thereon pure conjecture, these types of claims are not cognizable on appellate review."

*Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa. Super. 2007), (quoting *Commonwealth v. Rossetti,* 863 A.2d 1185, 1191 (Pa. Super. 2004) (citation omitted)); *see also Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa. Super. 2015) (noting that this Court may not re-assess the credibility of a witness's testimony when ruling on a weight of the evidence claim).

In the instant case, Appellant cross-examined the Commonwealth's witnesses extensively. Thus, Appellant was able to highlight any inconsistencies in their testimony. It was the jury's role as fact-finder to evaluate this testimony, and the jury did so. The jury heard the evidence, evaluated it, and found the testimony of Mr. Williams, Police Officer Stephanie Coleman, and Detective Charles King credible. Had trial counsel litigated this issue on direct appeal, this Court would have declined to make a reassessment of the jury's credibility determination. *See Hankerson*, 118 A.3d at 420. Thus, counsel was not ineffective for failing to raise a meritless claim. *See Spotz*, 896 A.2d at 1247.

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief. *See Ragan*, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2016